UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOANN LIU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 21 C 2895 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| RADIUS GLOBAL SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Defendant Radius Global Solutions, LLC ("Radius") directed a vendor to send Plaintiff Joann Liu a letter on July 17, 2020 concerning an allegedly outstanding debt. Liu filed suit in state court, alleging that Radius violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Specifically, Liu claims that Radius violated §§ 1692c(b) and 1692f by disclosing her personal information to the third-party vendor without her consent. Radius removed the case to this Court, invoking the Court's original jurisdiction under 28 U.S.C. § 1331. Liu now seeks to remand the case to state court, contending that she does not have Article III standing to proceed in federal court. Because Liu suffered concrete harm when Radius disclosed her personal information to a third party, the Court finds she has Article III standing, which means that the case may proceed in federal court.

## BACKGROUND

Liu received a letter dated July 17, 2020 from Radius, a debt collection agency. The letter concerned an outstanding debt that Citibank, N.A., the creditor, had placed with Radius for collection. The letter offered Liu payment options to resolve the outstanding debt. The letter bears markings that indicate it was generated by a letter vendor. In order for the vendor to send

Liu the letter, Radius had to provide the vendor with Liu's name and address, details concerning her alleged debt, the terms of Radius' settlement offer, and other personal information. The vendor used this information to populate a prewritten template. The vendor then printed and mailed the letter to Liu.

Liu alleges that, because she did not give consent, the disclosure of her personal information to the vendor violated § 1692c(b), which prohibits debt collectors from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" without the consumer's prior consent. 15 U.S.C. § 1692c(b). Liu also contends that the disclosure violated § 1692f, which prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

## LEGAL STANDARD

A defendant may remove a case filed in state court that could have been filed originally in federal court. 28 U.S.C. § 1441; *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000). The removing party bears the burden of demonstrating the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The Court may remand a case for lack of subject matter jurisdiction at any time before final judgment. 28 U.S.C. § 1447(c).

## ANALYSIS

Liu argues that the Court must remand this case to state court because Radius has failed to demonstrate that she has Article III standing. *See Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 731 (7th Cir. 2020) ("Article III does not apply to the states, so 'state courts

2

are not bound by the limitations of a case or controversy or other federal rules of justiciability.'" (quoting *ASARCO, Inc. v. Kadish*, 490 U.S. 605, 617 (1989))). Article III standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540, 1547 (2016). As the party invoking the Court's jurisdiction, Radius, not Liu, has the burden to establish that Liu had Article III standing at the time of removal. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018).

In *Spokeo*, the Supreme Court held that "Article III standing requires a concrete injury even in the context of a statutory violation." 136 S. Ct. at 1549. The Seventh Circuit has further clarified that, regardless of the procedural or substantive nature of the FDCPA violation, a plaintiff "must allege (and later establish) that the statutory violation harmed him 'or presented an appreciable risk of harm to the underlying concrete interest that Congress sought to protect.'" *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1065–66 (7th Cir. 2020) (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)).

Here, Liu argues that Radius has not shown that she suffered a concrete harm. Liu focuses not on whether the allegations in her complaint suggest concrete harm but instead on the fact that she does not seek actual damages, a point that Radius emphasizes in one of its affirmative defenses. But a lack of actual damages does not automatically mean that Liu did not suffer concrete harm for standing purposes. *See Flores v. Portfolio Recovery Assocs.*, No. 15 C 02443, 2017 WL 5891032, at *2 (N.D. Ill. Nov. 29, 2017) ("*Spokeo* did not hold that a plaintiff must suffer measurable financial harm in order to establish an injury in fact. To the contrary, the

3

Supreme Court reiterated that difficult-to-measure intangible harms may be concrete injuries in fact.").

Instead, to determine whether Liu suffered concrete harm, the Court must consider "whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, --- U.S. ----, 141 S. Ct. 2190, 2204 (2021) (quoting *Spokeo*, 136 S. Ct. at 1549). In her complaint, Liu alleges that she did not consent to the disclosure of her personal and confidential information to third parties, meaning that Radius' disclosure of such information to a third-party vendor resulted in the vendor having unauthorized possession of her personal information and disregarded the negative effect that such disclosure has on consumers. Although the Seventh Circuit has not specifically addressed standing for a § 1692c(b) claim, the Eleventh Circuit did so in *Hunstein v. Preferred Collection & Management Services, Inc.*, 994 F.3d 1341 (11th Cir. 2021). In *Hunstein*, the Eleventh Circuit concluded that the disclosure of private information—the harm caused by a violation of § 1692c(b)—bears a close relationship to a harm traditionally regarded as providing a basis for suit and so suffices to confer Article III standing on a plaintiff whose personal information was shared with a third party. *Id.* at 1347–48. The Supreme Court's *TransUnion* decision similarly recognized that "[v]arious intangible harms can also be concrete," including "reputational harms, disclosure of private information, and intrusion upon seclusion." 141 S. Ct. at 2204; *see also Gadelhak v. AT&T Servs., Inc.*, 950 F.3d 458, 462 (7th Cir. 2020) ("The common law has long recognized actions at law against defendants who invaded the private solitude of another by committing the tort of 'intrusion upon seclusion.'"). Further, the FDCPA recognizes the invasion of individual privacy as one of the harms against which the

4

statute protects. 15 U.S.C. § 1692(a); *see Hunstein*, 994 F.3d at 1348 (§ 1692(a) supported the conclusion that a violation of § 1692c(b) amounts to a concrete injury).

Because the disclosure of private information is a harm traditionally recognized as cognizable, the Court finds it appropriate to follow the Eleventh Circuit in finding that Liu has Article III standing for her § 1692c(b) claim. *See Hunstein*, 994 F.3d at 1347–48; *Thomas v. Unifin, Inc.*, No. 21-cv-3037, 2021 WL 3709184, at *2 (N.D. Ill. Aug. 20, 2021) (following *Hunstein*); *Keller v. Northstar Location Servs.*, No. 21-cv-3389, 2021 WL 3709183, at *2 (N.D. Ill. Aug. 20, 2021) (same). And because Liu's theory under § 1692f also depends on the disclosure of private information, she similarly suffered a concrete harm and has Article III standing for her § 1692f claim. *Thomas*, 2021 WL 3709184, at *2. Therefore, the Court has subject matter jurisdiction over Liu's claims. The Court denies Liu's motion to remand and declines to award fees and costs to Liu pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

For the foregoing reasons, the Court denies Liu's motion to remand [16].

Dated: September 14, 2021

_____
SARA L. ELLIS
United States District Judge